The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John Hedrick. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On May 15, 1990, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer on May 15, 1990.
3. On May 15, 1990 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. On January 24, 1991 and August 27, 1991 plaintiff sustained aggravations of the injury that occurred on May 15, 1990.
4. At the time of his injury, plaintiff was employed by defendant-employer as a general laborer and earned an average weekly wage of $427.52, which yields a compensation rate of $285.03.
5. As a result of his May 15, 1990 injury, the parties entered an Industrial Commission Form 26 Supplemental Agreement as to Payment of Compensation providing that plaintiff had sustained a four percent permanent partial disability of his back for which he received permanent partial disability payments at the rate of 285.03 per week for twelve weeks.
6. Medical records from Eastern Orthopedic Group, Incorporated, for the period of March 20, 1991 through April 14, 1993, attached to the parties' Pre-Trial Stipulations, are stipulated into evidence.
7. Medical records from Dr. Sanford Vernick, attached to the parties' Pre-Trial Stipulations, are stipulated into evidence.
8. Medical records from Dr. Michael B. Gwinn, dated June 24, 1994 and attached to the parties' Pre-Trial Stipulations, are stipulated into evidence.
9. Plaintiff's W-2 Wage and Tax Statements from 1991 and 1992, attached to the parties' Pre-Trial Stipulations, are stipulated into evidence.
10. The sole issue to be determined by the Industrial Commission was whether plaintiff had sustained a change of condition within the meaning of N.C. Gen. Stat. § 97-47 so as to be entitled to additional compensation for permanent partial disability.
* * * * * * * * * * *
The Full Commission adopts the finding of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was thirty-six years old, married and the father of two children. Plaintiff had a twelfth grade education and had been employed by defendant-employer for approximately six and one-half years. Defendant-employer was a manufacturer of detergents and chemical cleaning solutions.
2. At the time of the hearing, plaintiff was employed by defendant-employer as a "liquid blender" earning the same or greater wages than he had before the May 15, 1990 injury. As a liquid blender, plaintiff was required to pour ingredients into a mixer, blend the ingredients together, and place the finished product in containers for shipment. The process of placing ingredients in the mixer required plaintiff to handle drums of liquid weighing between four hundred and six hundred pounds and bags of detergent weighing fifty pounds. Plaintiff lifted these drums and bags to the top of the mixer using a forklift. Once the ingredients were lifted to the height of the mixer, plaintiff manually poured the ingredients into the mixer.
3. Following his 1990 injury and the aggravations of that injury in 1991, plaintiff presented to, and was treated by, Dr. Gene Hamilton, M.D. As a result of his original injury and the subsequent aggravations of that injury, plaintiff experienced intermittent low back pain and intrascapular pain. Occasionally, plaintiff's pain spread into his neck. Plaintiff's low back pain was primarily associated with bending and stooping. Plaintiff's pain was heightened by lifting performed at work.
4. As a result of his back injury, Dr. Hamilton periodically restricted plaintiff to performing light duty work. Dr. Hamilton prescribed oral anti-inflammatories and pain killers. On other occasions, Dr. Hamilton treated plaintiff with trigger point injections to relieve his intrascapular pain. Plaintiff also used a TENS unit and a cervical traction unit to relieve his back pain. Plaintiff experienced some lessening of his back pain with use of the cervical traction unit. Plaintiff also participated in a work hardening program.
5. On March 31, 1992 plaintiff was evaluated by Dr. Hamilton for the purpose of assigning a permanent partial disability rating. On that date, plaintiff's low back pain had resolved substantially. As a result of his continued upper, or thoracic back pain, plaintiff had a four percent permanent partial disability of his back.
6. After the Industrial Commission's approval of the parties' Industrial Commission Form 26 Supplemental Memorandum of Agreement as to Payment of Compensation, plaintiff continued to experience low back, neck, and intrascapular pain which was aggravated by lifting performed at work. In April 1993, plaintiff began to experience nonanatomic radiculopathy which caused occasional pain in his left leg.
7. On June 24, 1993, plaintiff was examined by Dr. Michael D. Gwinn. M.D. At that time, plaintiff continued to experience upper back, neck and occasional left leg pain. Plaintiff had cervical spondylosis and degenerative disc disease of the cervical spine at the C5/C6 and C6/C7 levels. Plaintiff had a moderate right paracentral disc herniation at the C5/C6 level with some impingement of the right C6 nerve root.
8. The upper back and neck pain experienced by plaintiff on August 12, 1992 and the date of the hearing in this matter, resulted from the disc herniation at the C5/C6 level. The pain experience by plaintiff subsequent to August 12, 1992 was substantially the same as the pain he experienced prior to that date. Plaintiff continues to have a four percent permanent partial disability of his back as a result of his continued upper back and neck pain.
9. Although plaintiff occasionally experienced nonanatomic radiculopathy causing left leg pain, he has not sustained a substantial change of his physical condition affecting his wage earning capacity.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has not sustained a substantial change of condition. N.C. Gen. Stat. § 97-47.
2. Plaintiff is entitled to no additional compensation for permanent partial disability. N.C. Gen. Stat. § 97-31.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
FOR THE FULL COMMISSION
 S/ __________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/mj 9/15/95